Dear Representative Faucheux:
This office is in receipt of your opinion request regarding the propriety of the Town of Gramercy's reimbursement of attorney's fees incurred by its Mayor and members of its Board of Aldermen, in connection with legal proceedings initiated by the Aldermen against the Mayor.
According to your correspondence, the Aldermen filed a petition for a restraining order and injunction against the Mayor, seeking to prohibit the Mayor from executing contracts that bind the Town of Gramercy before the Board of Aldermen approve the contracts. Subsequently, the Mayor hired counsel and filed an exception and answer and reconventional demand. Thereafter, the Aldermen filed an exception and answer to the Mayor's reconventional demand. As we understand your letter, judgment was rendered in favor of the Aldermen against the Mayor in connection with the Aldermen's petition, and the Mayor's exceptions and reconventional demand were dismissed.
You have requested that this office examine whether the Town of Gramercy can reimburse the fees incurred by the Aldermen, or by the Mayor, in connection with these legal proceedings, specifically with regard to: (1) the petition filed by the Aldermen and the hearing thereon, (2) the Exception and Answer filed by the Mayor, (3) the reconventional demand filed by the Mayor, and (4) the exception and answer to reconventional demand filed by the Aldermen.
R.S. 13:5108.1, et seq. provides for the indemnification of state officers and employees for financial loss arising out of claims, demands, suits or judgments where the officer or employee was "acting in the discharge of his duties and within the scope of his employment. . .". However, neither R.S. 13:5108.1, et seq., nor any other provision of state law of which we are aware, provides for the indemnification of the officers and/or employees of municipalities or other political subdivisions.
Nevertheless, this office has consistently opined that if a public official or employee is sued for civil damages and is found not liable and the allegations arose out of the performance of his official functions, then the public body that employs that person may, but does not have to, pay the reasonable attorneys fees and expenses that result from the defense against the suit. Attorney General's Opinions Nos. 97-248, 96-398, 96-210, 96-95, 85-822. See also: Atty. Gen. Op. 89-401, which determined that a public official acting beyond the course and scope of his duties is not entitled to attorneys fees for the defense of civil or criminal actions brought against him. It is the opinion of this office that public funds can be utilized to pay or reimburse the legal fees of a public official or employee who is or was the target of civil claim, as long as the allegations arose out of the performance of, as well as within the course and scope of, the official functions and duties of the public official or employee.
With regard to reimbursement of the Aldermen's attorney's fees, we note that the litigation in question was instituted by, not against, the Aldermen. Although as originally filed, the pleadings are styled in the individual aldermen's names, an amendment indicates that the litigation was filed by the plaintiffs in their capacities as Aldermen for the Town of Gramercy. The suit appears to have been filed not to provide relief to the Aldermen individually, but to enforce the authority granted to the Board of Aldermen by law to approve contracts before they are executed by the Mayor, similar in nature to a quo warranto proceeding. Additionally, we are advised that the District Attorney recommended filing of the suit, and that counsel to the Board of Aldermen represented the Aldermen in the proceedings.
This office is not a finder of fact, and it would be beyond the purview of this office to determine whether the proceedings filed by the Aldermen were filed personally, or in their official capacities. However, it is our advice that if it is properly determined that the Aldermen filed the proceedings against the Mayor in their individual capacities, then all fees incurred by the Aldermen in connection with the petition, the hearing thereon, and the answer thereto must be borne by the Aldermen personally, and are not reimbursable by the Town of Gramercy. On the other hand, if the Aldermen filed the proceedings in question in their official capacities, then the Town could reimburse the expenses incurred by the Aldermen in connection therewith.
An examination of the reconventional demand filed against the Aldermen by the Mayor indicates that the allegations contained therein primarily allege misconduct in office by the individual Aldermen. Specifically, the Mayor alleges that each Alderman engaged in acts of "misfeasance, malfeasance and nonfeasance" in office. As such, although this office is not a finder of fact, it appears that the allegations arise out of the performance of the Aldermen's official functions.
You have advised that the Aldermen were successful in their defense of the reconventional demand, and that all charges filed against them by the Mayor were dismissed. As such, if the allegations made by the plaintiff arose out of the performance of, as well as within the course and scope of, the official functions and duties of the Aldermen, it is our opinion that the Town of Gramercy may (but does not have to) reimburse the Aldermen for the attorneys fees they incurred in their defense of the reconventional demand.
As to the fees incurred by the Mayor in connection with his defense of the action filed against him and his reconventional demand, it is beyond the purview of this office to determine whether his actions giving rise to the litigation, or actions taken in the litigation were taken personally, or in the Mayor's official capacity on behalf of the Town. Pleadings filed in the Mayor's individual capacity, and the attorney's fees incurred in connection therewith would not be reimbursable by the Town. However, if it is properly determined that the Mayor's actions which gave rise to the Aldermen's petition were taken in his official capacity, the attorney's fees incurred in connection with his defense of the petition could be (but are not required to be) reimbursed by the town. Similarly, if the reconventional demand was filed in his official capacity and on behalf of the Town, then the Town could (but does not have to) reimburse the Mayor for the expenses he incurred in connection therewith.
Since the Aldermen were represented by the same attorney in connection with their petition as well as the reconventional demand filed against them, care should be taken to determine which portions of their attorney's fees, if any, are reimbursable. Similarly, since the Mayor was represented by the same attorney in connection with his answer and exception and reconventional demand, care should be taken to determine which portions of his attorney's fees, if any, are reimbursable.
The Town has no obligation or authority to reimburse expenses or attorney fees incurred by the Aldermen or the Mayor individually, and the Town's reimbursement of the individual or personal legal fees incurred by the Aldermen or the Mayor would be a violation of La. Const. Art. VII, Sec. 14. In accord: Attorney General's Opinion No. 95-242. Of course, as to any proceedings determined filed by either the Aldermen or the Mayor in their official capacities and for the benefit of the Town, this issue should not pose a problem.
If the Town does decide to reimburse all or a portion of the legal expenses incurred by the Aldermen or the Mayor, the Town will also have to determine that: (1) the hourly rate charged by the Aldermen's counsel was reasonable, (2) the number of hours spent by counsel was reasonable and necessary, and (3) any costs incurred by counsel were reasonable and necessary. Attorney General's Opinions Nos. 97-248, 95-492, 95-242, and 94-384.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of help in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/jv
DATE RECEIVED:
DATE RELEASED: September 7, 2001